# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEHEMIAH M. LEWIS JR., ) | NO. CV 06-1598-E |
| ) Plaintiff, ) | |
| v. ) | **MEMORANDUM OPINION** |
| JO ANNE B. BARNHART, COMMISSIONER ) OF SOCIAL SECURITY ADMINISTRATION, ) | **AND ORDER OF REMAND** |
| ) Defendant. ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

## PROCEEDINGS

Plaintiff filed a complaint on March 21, 2006, seeking review of the Commissioner's denial of benefits. The parties filed a consent to proceed before a United States Magistrate Judge on April 13, 2006. Plaintiff filed a motion for summary judgment on

1  August 23, 2006.  Defendant filed a cross-motion for summary judgment
2  on October 3, 2006.  The Court has taken both motions under
3  submission without oral argument.  See L.R. 7-15; "Order," filed
4  March 24, 2006.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former bus driver, shuttle bus driver, and janitor, asserts disability based on a variety of alleged impairments (Administrative Record ("A.R.") 12, 84-86, 259-62, 275-82). Plaintiff takes prescription medications, including Vicodin and Atenolol (A.R. 15, 110, 236).  Petitioner testified he experiences significant side effects from his medications, including dizziness, fainting spells, fatigue, and sleepiness (A.R. 276).

The Administrative Law Judge ("ALJ") found that certain of Plaintiff's impairments are controlled with medication, and certain of his impairments remain severe, but not disabling (A.R. 13-19). The ALJ concluded Plaintiff still can perform his past relevant work. Id.

In discussing Plaintiff's testimony, the ALJ specifically mentioned only one alleged medication side effect: dizziness (A.R. 17).  In rejecting Plaintiff's testimony regarding dizziness, the ALJ stated only that "the medical records, such as office treatment notes, do not corroborate that allegation" (A.R. 17).  The Appeals Council denied review (A.R. 4-6).

///

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards. See Swanson v. Secretary, 763 F.2d 1061, 1064 (9th Cir. 1985).

**DISCUSSION**

When a claimant testifies to side effects that "are in fact associated with the claimant's medication(s)," the ALJ may not disregard such testimony unless the ALJ makes "specific findings similar to those required for excess pain testimony." Varney v. Secretary, 846 F.2d 581, 585 (9th Cir. 1988). Such findings must be "specific, cogent" findings, supported in the record. See Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[1] "The ALJ must state specifically which symptom testimony is not credible . . ." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).

///

---

[1] In the absence of evidence of "malingering," many Ninth Circuit cases have applied the arguably more rigorous "clear and convincing" standard. See Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003); Ballard v. Apfel, 2000 WL 1899797 *2 n.1 (C.D. Cal. Dec. 19, 2000) (collecting cases). In the present case, the ALJ's findings do not pass muster under either the "specific, cogent" standard or the "clear and convincing" standard, so the distinction between the two standards (if any) is academic.

3

In the present case, the ALJ erred by failing to address specifically Plaintiff's testimony regarding the alleged medication side effects of fainting spells, fatigue, and sleepiness.[2] At least with respect to fatigue and sleepiness, these side effects are in fact associated with medications taken by Plaintiff. See, e.g., Centra v. Barnhart, 2004 WL 49073 *22 n.20 (N.D. Iowa Jan. 8, 2004) ("side effects [of Atenolol] most commonly reported include dizziness, fatigue . . ."; Cronon v. Barnhart, 244 F. Supp. 2d 1286, 1292 n.17 (N.D. Ala. 2003) (Vicodin causes, inter alia, lightheadedness, dizziness and sedation); Stewart v. Chater, 993 F. Supp. 809, 816 n.5 (D. Colo. 1998) (side effects of Vicodin include drowsiness, fatigue and lethargy); Hawkins v. Shalala, 1993 WL 398307 *2 (S.D. Ind. June 22, 1993) ("Vicodin . . . induces drowsiness"). Furthermore, it is doubtful whether the ALJ stated a legally sufficient reason for rejecting Plaintiff's testimony regarding the alleged side effect of dizziness. The mere fact that the medical record does not fully corroborate a claimant's subjective symptom testimony is a legally insufficient basis for rejecting such testimony. See Varney v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).

When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could

---

[2] The ALJ did mention fatigue and sleepiness, but not in the context of the alleged side effects of medication (A.R. 17).

1  remedy the defects in the decision.  McAllister v. Sullivan, 888 F.2d
2  599, 603 (9th Cir. 1989); see generally Kail v. Heckler, 722 F.2d
3  1496, 1497 (9th Cir. 1984); see also Connett v. Barnhart, 340 F.3d
4  871, 876 (9th Cir. 2003) (remand is an option where the ALJ stated
5  insufficient reasons for rejecting a claimant's excess pain
6  testimony).[3]

        LET JUDGMENT BE ENTERED ACCORDINGLY.

            DATED:  October 13, 2006.


                            _____/S/_____
                                      CHARLES F. EICK
                              UNITED STATES MAGISTRATE JUDGE

---

[3] The Court has not reached any of the other issues briefed by the parties, except insofar as to determine that reversal rather than remand would not be appropriate.